IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00479-ZLW

NETTIE JARVIS,

    Plaintiff,

v.

CENTRAL PARKING SYSTEM,

    Defendant.

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Nettie Jarvis, filed *pro se* on June 11, 2010, a letter to the Court with an attachment. In the letter, Ms. Jarvis asks the Court to reconsider the June 8, 2010 order dismissing this action. The Court will construe the letter liberally as a motion to reconsider because Ms. Jarvis is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Ms. Jarvis's motion to reconsider pursuant to Rule 59(e) because it was filed

within twenty-eight days after the judgment was entered in this action on June 8. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court dismissed the instant action without prejudice for Ms. Jarvis's failure, within thirty days, to file a second amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The June 8 dismissal order discusses in detail the reasons for the dismissal.

Upon consideration of the liberally construed motion to reconsider and the entire file, the Court finds that Ms. Jarvis fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Ms. Jarvis fails to demonstrate the existence of an intervening change in controlling law or new evidence and she fails to convince the Court of any need to correct clear error or prevent manifest injustice. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the letter and attachment that Plaintiff, Nettie Jarvis, submitted *pro se* to the Court on June 11, 2010, and which the Court has treated as a motion to

alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this 29th day of June, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00479-ZLW

Nettie Jarvis
5601 N. Federal Blvd. #2B
Denver, CO 80221

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 6/30/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk